UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Robert Steven Smith, #0690732 (formerly SCDC #234699), | |
| Plaintiff, | C/A No. 0:05-1550-GRA-BM |
| v. | ORDER (Written Opinion) |
| State of South Carolina; and Nikki Millis, Probation Officer, | |
| Defendants. | |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C., and filed June 8, 2005. Plaintiff brought this suit pursuant to 42 U.S.C. § 1983. The magistrate recommends dismissing the action without prejudice and without issuance and service of process. For the reasons stated below, the Report and Recommendation is accepted and the action is DISMISSED.

Plaintiff is proceeding *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

1

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). Plaintiff filed objections on June 24, 2005.

Plaintiff first objects to the magistrate's recommendation that the defendants should be summarily dismissed based on the Eleventh Amendment (defendant State of South Carolina) and Fourth Circuit case law[1] interpreting 42 U.S.C. § 1983 (defendant Millis). Plaintiff's objection on this point is both non-specific, *Camby*, *supra*, and wholly legal, *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Thus, the Court finds the objection to be without merit.

Plaintiff's second and final objection is that since his post-conviction relief is still pending, the statute of limitations has not lapsed. In support of his argument, plaintiff

---

[1] *Burke v. Miller*, 580 F.2d 108, 109-110 & n.3 (4th Cir. 1978) (holding that a witness in a state court proceeding does not act under color of state law).

cites *Taylor v. Lee*, 186 F.3d 557 (4th Cir. 1999).  However, that case deals specifically with petitions brought under 28 U.S.C. § 2244 in entirely different circumstances than the case at bar.[2]  The magistrate correctly cites *Wilson v. Garcia*, 471 U.S. 261, 265-280 (1985) for the rule of law that in § 1983 actions, federal courts should apply a state's general statute of limitations for personal injuries.  Therefore, this objection is without merit.

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law.  Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that the case is DISMISSED without prejudice and without issuance and service of process.

IT IS FURTHER ORDERED that this case is deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

July __7__, 2005

---

[2] "We therefore hold that under § 2244(d)(2), the entire period of state post-conviction proceedings...is tolled from the limitations period for federal habeas corpus petitioners who were already involved in state post-conviction proceedings on April 24, 1996." *Taylor*, 186 F.3d at 561.

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.